UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GINA COLE,                                             :

                              Plaintiff,               :

                    -against-                          :

COMMISSIONER OF SOCIAL SECURITY,   :

                              Defendant.               :
-----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

15-CV-298 (RA) (KNF)

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Gina Cole ("Cole") commenced this action against the Commissioner of Social Security ("Commissioner"), seeking review of an administrative law judge's ("ALJ") decision, dated July 5, 2013, finding her ineligible for Supplemental Security Income ("SSI") disability benefits, pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). Before the Court is the defendant's motion for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The plaintiff opposes the motion.

## ALJ'S DECISION

Cole alleged disability beginning December 23, 2011. An administrative hearing was held, on May 16, 2013, at which Cole testified represented by a non-attorney representative. The issue before the ALJ was whether Cole is disabled. The ALJ determined that Cole: (1) has not engaged in substantial gainful activity since December 23, 2011; (2) has severe impairments bilateral shoulder pain, lumbago, Hashimoto's thyroiditis and is obese; (3) does not have an impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. Part 404, Subpart A; (4) has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 416.967(b), can lift up to 20 pounds, occasionally, and lift/carry up to 10 pounds frequently, can stand/walk for about six hours and sit for up to six hours in an eight-hour work day, with normal breaks; (5) has no past relevant work and the transferability of job skills is not an issue; (6) was born in 1977; and (7) has at least a high-school education and is able to communicate in English.  The ALJ also found that, considering Cole's age, education, work experience and residual functional capacity, jobs exist in significant numbers in the national economy that Cole can perform.  The ALJ concluded that Cole has not been under disability since December 23, 2011.

The ALJ noted that, initially, Cole alleged disability due to a learning disability, but subsequently alleged disability due to shoulder and back pain.  He explained that the medical evidence in the record failed to provide substantial support for allegations of disabling symptoms and limitations.  The ALJ found Cole's testimony concerning her symptoms not credible to the extent alleged because Cole reported that she takes care of her personal hygiene, does light household chores, socializes with friends and family, takes care of her sister, prepares simple meals, daily, does cleaning and laundry without help and has no difficulty getting along with family and friends.  Cole denied having difficulty getting along with people in authority and needing special help or reminders to take care of her personal needs.

The ALJ accorded "good weight" to the opinion of the State agency medical expert, Dr. Seung Park ("Dr. Park"), who reviewed the evidence available as of May 1, 2012.  Dr. Park opined that Cole is able to stand and walk for up to six hours, sit for six hours, lift and carry up to ten pounds frequently and lift 20 pounds, occasionally, during an eight-hour work day.  The ALJ found that Dr. Park's opinion was consistent with the overall medical evidence.

2

The ALJ gave "some weight" to the opinion of consultative examiner, Dr. Catherine

Pelczar-Wissner ("Dr. Pelczar-Wissner"), that Cole has mild restrictions for range of motion

activities of the upper extremities and push or pull activities, to the extent it was consistent with

Dr. Pelczar-Wissner's finding that Cole had limited range of motion in her right shoulder.

However, the limitation for push or pull activities was not supported by the treatment records or

Cole's statements.

The ALJ gave "little weight" to the March 11, 2013 opinion of Dr. Ramasita Pisipati

("Dr. Pisipati"), Cole's treating physician specializing in internal medicine, that Cole's

impairments are hampering her from joining any type of work because the opinion is conclusory,

lacking: (i) any explanation of the evidence on which it is based; and (ii) substantial support

from the other evidence in the record, rendering it "less persuasive."  Similarly, the ALJ gave

"little weight" to the March 27, 2013 multiple impairment questionnaire completed by Dr.

Pisipati because her own reports failed to reveal the type of significant clinical and laboratory

abnormalities expected in a disabled person.  Moreover, Dr. Pisipati's opinion was inconsistent

with her treatment notes, she had a brief, five-month treatment history with Cole and her opinion

involved an assessment of an impairment outside Dr. Pisipati's area of expertise and was without

substantial support from other record evidence.  The ALJ gave no weight to the physical residual

functional capacity assessment prepared by the disability analyst because it is not a medical

opinion.  The ALJ concluded that Cole is not disabled.

Cole appealed, submitting new evidence to the Appeals Council.  The Appeals Council

considered whether the ALJ's action, findings or conclusion was contrary to the weight of record

evidence.  The Appeals Council noted that "the Psychiatric/Psychological Impairment

Questionnaire from Marian Murroy, LCSW dated March 25, 2014 (9 pages) and the medical

report from Chitoor Govindaraj, M.D. dated October 19, 2014 (5 pages)" was new information about the time period after the ALJ's decision that did not affect the decision whether Cole was disabled on or before July 5, 2013. The Appeals Council found that the new evidence submitted by Cole on appeal provided no basis for changing the ALJ's decision. Accordingly, the Appeals Council denied Cole's request for review.

## COMPLAINT

In her complaint, Cole asserted that she has "mental illness learning disability." Attached to Cole's complaint are: (a) the Appeals Council's decision; (b) a "New York City Board of Education Individualized Education Program," dated "9/27/96"; (c) a "Psychiatric/Psychological Impairment Questionnaire" by "Marian Murray," dated "3-25-14," consisting of five pages; (d) a "FTMHC - Treatment Plan [Date of Service: 10-19-2014 13:05, Authored: 10-19-2014 13:05]," from St. Barnabas Hospital, signed by "Marian Steele-Murray (LCSW-R)," consisting of 3 pages; and (e) an "FTMHC- Psychiatric Evaluation, Initial [Date of Service: 03-19-2014 15:40, Authored: 03-19-2014 15:40]," from St. Barnabas Hospital, signed by "Han, Thein (MD)," consisting of 4 pages.

## DEFENDANT'S CONTENTIONS

The defendant contends that substantial evidence supports the ALJ's finding that Cole is not disabled, including that she does not have a severe mental impairment because contemporaneous medical records do not document any cognitive disorder and she was found able to perform at least simple work on a sustained basis. Moreover, Cole's allegations of panic attacks, anxiety and depression are unsubstantiated by medical evidence. The defendant asserts that the ALJ addressed properly the conflicting medical evidence when determining that Cole was able to perform light work. The ALJ considered that Dr. Pisipati's treating relationship with

4

Cole was short and her opinion was not well-supported by her own treatment records, including that she prescribed physical therapy when the treatment records do not mention physical therapy or that Cole ever received physical therapy. The defendant maintains that the ALJ relied reasonably on the opinions of Dr. Pelczar-Wissner and Dr. Park because they were supported by evidence.

The defendant assert that the ALJ found properly that the plaintiff's symptom allegations were not fully credible and explained the reasons for his credibility finding. According to the defendant, the ALJ relied properly on Medical-Vocational Guidelines in determining that Cole was not disabled. The evidence submitted to and considered by the Appeals Council did not undermine the ALJ's decision. Furthermore, the new evidence Cole submitted in this action pertains to Cole's condition in March and October 2014, well after the ALJ's July 5, 2013 decision; thus, it is not reasonably possible that this evidence would cause the ALJ to decide the application differently.

## PLAINTIFF'S CONTENTIONS

In her opposition to the defendant's motion, Cole asserts that she has sleep apnea and panic attacks and anxiety when she is outside her home or around people. She contends that she is very depressed and has a learning disorder because she cannot "really read or write or understand simple instructions or do math." Moreover, Cole asserts that she goes to a therapist once a week, sees a psychiatrist once a month and takes medication for her depression and anxiety.

## DEFENDANT'S REPLY

The defendant contends that Cole's opposition does not assert any error in the ALJ's decision, only her disagreement with the outcome. The defendant maintains that the Appeals

Council refused to consider the evidence Cole submitted that post-dated the ALJ's decision, as it did not pertain to the period under review and her claim that she cannot read, write, understand simple instructions or do math is belied by the record, including her own testimony at the hearing.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,] and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To be material, new evidence must be "relevant to the claimant's condition during the time period for which benefits were denied and probative," and "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently" must be demonstrated. Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

> A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260,

265 (2d Cir. 2008) (internal citations omitted).

To qualify for disability benefits, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Social Security Administration's regulations establish a five-step process for determining a disability claim. See 20 C.F.R. § 416.920(a)(4).

> If at any step a finding of disability or nondisability can be made, the [Social Security Administration] will not review the claim further. At the first step, the agency will find nondisability unless, the claimant shows that he is not working at a "substantial gainful activity." At step two, the [Social Security Administration] will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the [Social Security Administration] assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the [Social Security Administration] to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.
>
> Barnhart v. Thomas, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003) ( internal citations omitted).

"Although the claimant bears the general burden of proving that he is disabled under the statute, 'if the claimant shows that his impairment renders him unable to perform his past work, the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform.'" Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir.

2002) (quoting Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983)).

If new evidence is submitted on appeal, "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b). "[T]he new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996).

## APPLICATION OF LEGAL STANDARD

### *New Evidence*

Cole submitted new evidence in this action that is not part of the administrative record, namely the: (i) "FTMHC - Treatment Plan [Date of Service: 10-19-2014 13:05, Authored: 10-19-2014 13:05]," from St. Barnabas Hospital, signed by "Marian Steele-Murray (LCSW-R)," consisting of three pages; and (ii) "FTMHC- Psychiatric Evaluation, Initial [Date of Service: 03-19-2014 15:40, Authored: 03-19-2014 15:40]," from St. Barnabas Hospital, signed by "Han, Thein (MD)," consisting of four pages. The document entitled "FTMHC- Psychiatric Evaluation, Initial [Date of Service: 03-19-2014 15:40, Authored: 03-19-2014 15:40]" indicates that Cole was admitted to the program on "12/19/2013," and both documents involve Cole's treatment that post-dates the ALJ's July 5, 2013 decision. Assuming that both documents are material because they might suggest that Cole's condition during the relevant time was more serious than previously thought, Cole cannot show that a reasonable possibility exists that the new evidence would have influenced the ALJ to decide Cole's claim differently, in light of the paucity of evidence in the record suggesting any severe mental impairment during the relevant time period. Thus, remand is not warranted based on the new evidence.

8

***The ALJ's Decision***

The ALJ applied the correct legal standard in assessing Cole's disability claim, performing the five-step sequential analysis, as required by the Social Security Administration's regulations. The ALJ explained in great detail the reasons for his credibility finding as well as the weight given to each physician's opinion, including that of Cole's treating physician. As the ALJ noted, the record is devoid of evidence of a cognitive disorder or any severe mental impairment during the period of time reviewed by the ALJ, and the record does not support Dr. Pisipati's opinion. Since Cole's alleged symptoms suggested greater severity than documented by objective findings, the ALJ found, correctly, that Cole's daily activities were not limited in a manner consistent with her allegations. The ALJ's finding that Cole is not disabled was based properly on his determination that she was able to perform the full range of light work. The Court finds that substantial evidence supports the ALJ's determination, and the ALJ committed no legal error in reaching his decision.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion for judgment on the pleadings, Docket Entry No. 17, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any

requests for an extension of time for filing objections must be directed to Judge Abrams.

***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                    Respectfully submitted,
      September 15, 2015

                                          KEVIN NATHANIEL FOX
                                          UNITED STATES MAGISTRATE JUDGE

10